IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES JASON BENEDICT, #01473432 § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:14cv73 |
| § | | |
| STATE OF TEXAS, ET AL. § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Jason Benedict, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## DISCUSSION

In the present lawsuit, Plaintiff makes claims against the State of Texas, the Collin County District Attorney, Collin County Assistant District Attorneys, several Collin County judges, and the Texas Attorney General. Plaintiff states that he is not seeking monetary relief, but rather, injunctive and declaratory judgments against the defendants. Specifically, he asks for preliminary injunctions requiring defendants to reconsider his state habeas corpus applications, and to provide access to effective assistance of counsel. He asks for a declaratory judgment stating that Plaintiff's direct appeal and habeas corpus cases violate the United States Constitution. Plaintiff asks for permanent injunctions prohibiting defendants from "moving ineffective assistance of trial counsel claims outside of the direct appeal process without providing assistance of counsel and a meaningful review of those claims." He also requests a permanent injunction requiring defendants to reconsider Plaintiff's state habeas corpus applications and to provide assistance of counsel in the reconsideration of his state

1

habeas corpus applications. Finally, he asks for attorney's fees and costs and any other relief the court finds appropriate.

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed.2d 383 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* 512 U.S. at 486, 114 S. Ct. at 2372. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* 512 U.S. at 487, 114 S. Ct. at 2372.

In the present case, Plaintiff has failed to show that his conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. 512 U.S. at 486-87, 114 S. Ct. at 2372. Further, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction; thus, this lawsuit is barred by *Heck*. Plaintiff's issues fail to state a claim upon which relief may be granted in this case, and are frivolous in that they lack any basis in law and fact. His lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A. The Fifth Circuit has held that claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their

2

being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

Additionally, as noted above, Plaintiff is suing the State of Texas, its Attorney General, various attorneys for the state, as well as judges for Collin County, Texas. The Fifth Circuit has held, however, that "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . . ." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). To prevent a plaintiff from refiling claims against defendants with absolute immunity, such as judges and prosecutors, such claims should be dismissed with prejudice. *Id*. at 284-85. Plaintiff has improvidently sued various judges and prosecutors who enjoy absolute immunity. Similarly, the Eleventh Amendment affords immunity for the State of Texas. All defendants in this case are immune from liability. Although Plaintiff claims to not be seeking monetary damages, he is prohibited from suing defendants who have absolute immunity.

In sum, all claims in this action should be dismissed with prejudice against all defendants for all purposes pursuant to 28 U.S.C. § 1915A(b).

## RECOMMENDATION

It is recommended that the complaint and all claims be dismissed against all defendants with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,and specify

the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 16th day of July, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE